## NEWMAN v. CLYBURN.

1. PARTIES—ESTOPPEL.—A plaintiff to a decree for the settlement and partition of an estate, which gave leave to any party to the cause to apply at its foot for an order of sale to enforce the payment of amounts due by plaintiff, cannot object to an application for an order of sale by the legatees of one of the defendants who died several months before the decree was rendered, the plaintiff being the executor of her will.

2. EXECUTOR OF CREDITOR—PRESUMPTION OF PAYMENT.—Plaintiff having been decreed to pay to defendant a sum of money for equality of partition, and having become executor of defendant's will before payment made, cannot claim a presumption of payment as against the legatees of defendant by reason of the lapse of twenty-four years, some of these legatees having been infants when the decree was rendered, and it being established that no payment had been made.

3. WILL—DESCRIPTION OF PROPERTY.—A testamentary gift of testatrix's share of the estate of her mother, construed to refer to the estate left by her father thirty years ago to her mother for life, with remainder to testatrix.

4. DEBTOR AND CREDITOR—PAYMENT—SECURITIES—CASE CRITICISED.—Where a debt is secured by a pledge of land, and the debtor becomes the executor of the creditor, he becomes chargeable therewith as assets of the estate, but never having actually paid the debt, the legatees may treat it as unpaid to the extent of enforcing their security. Chick v. Farr, 31 S. C., 473, followed.

5. EXECUTOR—ACCOUNT—PLACE OF TRIAL.—These legatees should have pro-
ceeded against this executor in the county where the will was proved, and
not by petition in the old action in another county.

Before HUDSON, J., Chesterfield, May, 1893.

This was a petition by the children of Isabel Northcutt to
enforce payment of a decree in their mother's favor in the case
of Newman *v.* Clyburn. At the time of the filing of Chancellor
Inglis' decree, the youngest child of Isabel Northcutt was only
ten years of age, and several others were infants. The Circuit
Judge dismissed the petition.

*Messrs. Boyd & Brown* and *R. T. Caston,* for appellant.

*Mr. W. F. Stevenson,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. His honor, Judge Hudson, states
the case as follows, viz: "This was an action in the old Court
of Equity for the partition and settlement of the estates of John
Newman and Nancy Newman, deceased, commenced in 1862.
John Newman died about 1828, leaving of force a last will and
testament, in which he bequeathed to his wife, Nancy Newman,
all his property during her life or widowhood, and directed
that after her estate terminated, it should (with the exception
of her thirds) be divided equally amonst his ten children, of
whom Isabel Northcutt was one. Nancy Newman died intes-
tate in 1861, and J. C. Newman administered on her estate, and
took out letters of administration *de bonis non* on the estate of
John Newman, the executor of the will having died. Isabel
Northcutt died after the commencement of this action, leaving
of force her last will and testament, in which she used the fol-
lowing language: 'I will and devise that after my decease, all
of my estate now in possession, and to come into my possession
hereafter, viz: Ednie and her children, to wit: Furman, Laura,
Mary, and Preston, and the increase thereof, * * * also my
share or portion of the estate of Nancy Newman, deceased, of
Chesterfield District and State aforesaid, and that the whole be

divided into eight equal parts or shares and disposed of as follows:' and she then directs, that each child should have one of those shares, the sons absolutely and the daughters for life, and then to their heirs born of their bodies respectively, &c. She appointed J. C. Newman executor, and also trustee for the daughters.

"This cause proceeded until the commissioners reported, on February 9, 1864, recommending amongst other things that the real estate of John Newman and Nancy Newman be vested in J. C. Newman, on his paying the sum of $1,500, which was to be distributed amongst the parties in interest in various sums so as to equalize them. The sum recommended to be paid to Isabel Northcutt was $290.40. On February 13, 1864, Chancellor Inglis rendered a decree confirming the report, and providing that if the said several sums decreed to be paid for equality of partition were not paid in twelve months from the date of the decree, any of the parties entitled to receive payment might, by giving thirty days notice in writing to the said J. C. Newman, apply at the foot of this decree for an order of sale of so much of the lands as was necessary to pay the claims of the party proceeding and the costs of the sale of the lands. In May, 1888, the petitioners, Elizabeth A. Fields, Martha A. Stewart, William N. Northcutt, John B. Northcutt, and Robert S. Northcutt, the surviving children and legatees of Isabel Northcutt, served a notice on the plaintiff, J. C. Newman, wherein they proposed to come in under said decree, and ask for an order of sale under its provisions. They were not parties to the cause, and have never been made parties thereto. They seek to have the plaintiff to pay to the children of Isabel Northcutt, and also to call J. C. Newman to account as administrator of the estate of John Newman, and also as the executor of Isabel Northcutt. J. C. Newman resisted the demand on the ground that they should call him to account as executor of Isabel Northcutt, in Darlington County, where the will was admitted to probate; and that they had no right under the proceeding to the relief asked for; and also that the decree was presumed to be paid by lapse of time, and was paid in fact," &c.

It was referred to E. J. Kennedy, Esq., special referee, to

REP.]          April Term, 1894.

hear and decide all issues of law and of fact. He held that as to the $290.40, the petitioners were entitled to proceed in this manner to obtain payment thereof, and recommended that so much of the land as was necessary be sold to pay the said sum, with interest and costs. Both parties excepted, and his honor, Judge Hudson, held that "Mrs. Isabel Northcutt disposed of all her property by her will; that the clause, 'my share or portion of the estate of Nancy Newman, late deceased, of Chesterfield District and State aforesaid,' referred to the property in possession of said Nancy Newman at her death, in which the estate of John Newman, deceased, was also embraced; and, therefore, that she thereby disposed of all her interest in the estate of John and Nancy Newman, and, therefore, disposed of all the property to which she was entitled in this cause, and gave J. C. Newman the absolute right to dispose of it as he saw fit, and merely pay out the proceeds in legacies to the children. This will was of force when the decree of Chancellor Inglis was rendered, and Newman had the right at the time to the possession of the estate of Isabel Northcutt; and when the decree fixed the sum to which her estate was entitled to be paid by J. C. Newman for equality of partition immediately by operation of law, he being the debtor and the party entitled to receive, the funds passed into his hands as executor of Isabel Northcutt, and was paid by J. C. Newman as an individual to himself as executor, and the legatees must call him to account as executor, in order to get their respective interests in the said fund. This cannot be done in this cause," &c. He further held "that if the said petitioners had the right to come in and enforce the payment of the decree, as they here seek to do, the said decree would be presumed to be paid from lapse of time, and the other circumstances of the case," &c.

From this decree the legatees of Mrs. Northcutt appeal to this court upon the following exceptions: 1. Because his honor erred in holding that upon the decree of Chancellor Inglis the amount ($290.40) directed to be paid for equality of partition to Isabel Northcutt, "immediately by operation of law * * * passed into his hands as executor of Isabel Northcutt, and was paid by J. C. Newman as an individual to himself as executor,

and the legatees must call him to account as executor, in order
to get their respective interests in the said funds," and that
"this can not be done in this cause." 2. That he erred in
holding, that if the said petitioners had the right to come in
and enforce the payment of this decree, as they seek to do, the
said decree would be presumed to be paid from the lapse of
time, and the other circumstances of the case. 3. Because he
erred in holding with the referee, that the land set apart to J.
C. Newman was not vested in him, subject to the condition
precedent of his payment of the amount that he was required
by said decree to pay. 4. Because he erred in holding, if he
so meant to hold, that the amount decreed to be paid to Isabel
Northcutt, was by operation of law paid to her executor. 5.
Because the petitioners are entitled in this proceeding to reco-
ver from John C. Newman the said sum of $290.40 and interest,
and to enforce payment by sale of the land if necessary, and
his honor erred in not so holding. 6. Because he erred in
holding with the referee, that the petitioners are not entitled in
this proceeding to require the said J. C. Newman to account as
directed by said decree for his administration of the estate of
Nancy Newman, and the unadministered estate of John New-
man, &c.

We cannot think that there is much in the fact that, after
accepting service in the original proceeding (1862) for parti-
tion of the real estate, Mrs. Northcutt died, and her
children (some of whom were minors) were not formally
made parties. She left a will appointing her brother,
John C. Newman, executor, which, upon her death, took
effect; and it was the bounden duty of the said executor, who
was a party to the proceedings, to protect the legatees of his
testatrix, both in respect to her estate proper and the amount
set apart for her in equalizing the partition of the land.

Nor can we agree that there is any view of the case in which
it should be held that the claim for the $290.40, with the right
to sell so much of the land as would be necessary to pay
it, was satisfied and discharged by lapse of time. Pass-
ing by the fact that Mrs. Northcutt appointed her
brother, John C. Newman, trustee of her daughters, he cer-

tainly qualified as executor, and in that capacity it was his duty to protect the legatees under her will. The extraordinary delay now complained of by him was caused by his own non-action. We know of no principle of law or equity which will allow any trustee or executor to take advantage of his own wrong in the neglect of his duty as against the *cestui que trusts.* Besides, such a presumption of payment, while in some sense legal, is capable of being rebutted; and we think that, in this case, it was rebutted. Newman had the land assigned to him, but he never actually paid any part of the $290.40; so the referee found, the judge concurring in the finding, and there is no appeal. See *Burnsides* v. *Donnon,* 34 S. C., 289, and *Nobles* v. *Hogg, Ibid.,* 329, and authorities cited.

But we concur with the Circuit Judge in his construction of the will of Mrs. Northcutt: that it carried her whole estate, including what had been ascertained to be due to her from the equalization of the lands, of which her mother died possessed. All the property had been given by her father to her mother Nancy during her life, and then to be equally divided among the children. Nancy survived her husband, the testator, for more than thirty years, and being in possession of the property for the whole of that period, it was quite natural that Mrs. Northcutt, one of the children, should speak of her share "of the estate of Mrs. Nancy Newman, deceased, of Chesterfield District," &c. This being determined, and John C. Newman being the executor of her will, and in that capacity entitled to receive money due to his testatrix, including the aforesaid $290.40, which had been astertained to be due her from the lands, the case had arisen as to that fund, of the payer and the payee being the same person; and by a principle of the law, John C. Newman as an individual debtor must be assumed to have paid the same to himself as executor, and he is chargeable with it as assets of the estate of his testatrix, Mrs. Northcutt. As I understand it, the doctrine is as stated by the [present] Chief Justice, in the case of *Chick* v. *Farr,* 31 S. C., 473 [quoting from the case of *Charles* v. *Jacobs,* 9 S. C., 295], as follows: "Where a debtor becomes the executor or administrator of his

creditor, the debt is presumed to be paid from the time of its maturity, and the executor or administrator is chargeable with the amount as realized assets, and when there is an official bond, the sureties are likewise responsible. The parties interested in the administration, such as creditors or distributees, not having consented to such extinguishment, are not bound by such rule of presumption, but may elect to treat the debt as unpaid, if not actually paid, so as to reach any security by way of mortgage, pledge, or lien by the creditor for its payment. * * * There is some uncertainty in the language of the cases, as to whether the original debt of the administrator may be treated as so far existing after the debtor has become administrator of his creditor, and such administration has terminated, that an action may be brought upon it by parties interested in the estate for other purposes than upholding a security given for such debt. This question, however, is of no great importance as regards the administrator himself, for his estate may be pursued without resorting to such obligation as the foundation of the proceeding, nor can it be made available as against personal securities for the debt. * * * But the cases fully support the idea, that if any mortgage, lien, or collateral security is held for the debt, it may be pursued and made available in behalf of those interested in the estate," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, except in so far as it holds that the claim should be regarded as paid by the presumption arising from lapse of time, without prejudice to the rights of the petitioners, if so advised, to institute an action in the County of Darlington against John C. Newman, to account for the estate of his testatrix, Mrs. Northcutt, which is, or ought to be, in his hands as executor of her will.